**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION**

| | |
|---|---|
| MICHAEL WOODARD, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No. 4:25-cv-1138-SRW |
| ) | |
| STATE OF MISSOURI, ) | |
| ) | |
| Defendant. ) | |

## MEMORANDUM AND ORDER

This matter is before the Court on self-represented Plaintiff Michael Woodard's application to proceed in the district court without prepaying fees or costs (ECF No. 2) and motion to appoint counsel (ECF No. 3). Based on the financial information provided in the application, the Court will grant the application and waive the filing fee. Furthermore, based on a review of the complaint, the Court will dismiss this action for failure to state a claim upon which relief may be granted. The motion to appoint counsel will be denied as moot.

### Legal Standard on Initial Review

Under 28 U.S.C. § 1915(e)(2), the Court is required to dismiss a complaint filed *in forma pauperi*s if it is frivolous, malicious, or fails to state a claim upon which relief can be granted. To state a claim under 42 U.S.C. § 1983, a plaintiff must demonstrate a plausible claim for relief, which is more than a "mere possibility of misconduct." *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* at 678. Determining whether a complaint states a plausible claim for relief is a context-

specific task that requires the reviewing court to draw upon judicial experience and common sense. *Id.* at 679.

When reviewing a self-represented complaint under 28 U.S.C. § 1915(e)(2), the Court must give it the benefit of a liberal construction. *Haines v. Kerner*, 404 U.S. 519, 520 (1972). A "liberal construction" means that if the essence of an allegation is discernible, the district court should construe the plaintiff's complaint in a way that permits his or her claim to be considered within the proper legal framework. *Solomon v. Petray*, 795 F.3d 777, 787 (8th Cir. 2015). However, even self-represented complaints are required to allege facts which, if true, state a claim for relief as a matter of law. *Martin v. Aubuchon*, 623 F.2d 1282, 1286 (8th Cir. 1980).

## The Complaint

Plaintiff brings this action alleging various violations to his civil rights and the Federal Housing Act. (ECF No. 1). The complaint names the State of Missouri as the sole defendant. (*Id.* at 1, 2). Plaintiff claims he is being harassed by the State of Missouri because his child was taken away "for no reason." (*Id*. at 5). Plaintiff claims he is now homeless "from this matter." (*Id*.). For relief, he seeks monetary damages in the amount of $15,000,000. (*Id.* at 6).

## Discussion

Plaintiff's complaint against the State of Missouri must be dismissed for failure to state a claim. The Court construes this action as being brought under 42 U.S.C. § 1983 because it seeks monetary damages for alleged violations of Plaintiff's constitutional rights. Plaintiff also invokes the Federal Housing Act, which this Court understands to mean the Fair Housing Act (FHA).

"Section 1983 provides for an action against a 'person' for a violation, under color of law, of another's civil rights." *McLean v. Gordon*, 548 F.3d 613, 618 (8th Cir. 2008). *See also Deretich v. Office of Admin. Hearings*, 798 F.2d 1147, 1154 (8th Cir. 1986) (stating that "[§]

1983 provides a cause of action against persons only"). However, "neither a State nor its officials acting in their official capacity are 'persons' under § 1983." *Will v. Michigan Dep't of State Police*, 491 U.S. 58, 71 (1989); *see also Calzone v. Hawley*, 866 F.3d 866, 872 (8th Cir. 2017) (stating that a "State is not a person under § 1983"); and *Kruger v. Nebraska*, 820 F.3d 295, 301 (8th Cir. 2016) (stating that "a state is not a person for purposes of a claim for money damages under § 1983").

Moreover, the Eleventh Amendment bars suit against a state or its agencies for any kind of relief, not merely monetary damages. *Monroe v. Arkansas State Univ.*, 495 F.3d 591, 594 (8th Cir. 2007). Plaintiff's claims against the State of Missouri are claims against a state, which are barred by the Eleventh Amendment.

Finally, the FHA "prohibits property owners and municipalities from blocking or impeding the provision of housing on the basis of race, color, religion, sex, familial status, or national origin." *Gallagher v. Magner*, 619 F.3d 823, 831 (8th Cir. 2010). Though Plaintiff invokes the FHA in his complaint, he makes no allegation that he was the subject of discrimination or disparate treatment based on his race, color, religion, sex, familial status or national origin. For these reasons, Plaintiff's complaint against the State of Missouri must be dismissed.

### Motion for Appointment of Counsel

Plaintiff has filed a motion for appointment of counsel. (ECF No. 3). The motion will be denied as moot as this action is being dismissed without prejudice. *See* 28 U.S.C § 1915(e)(2)(B).

Accordingly,

**IT IS HEREBY ORDERED** that Plaintiff's application to proceed in the district court without prepayment of fees and costs is **GRANTED** (ECF No. 2) and the filing fee is waived.

**IT IS FURTHER ORDERED** that Plaintiff's motion to appoint counsel (ECF No. 3) is **DENIED as moot**.

**IT IS FURTHER ORDERED** that this action is **DISMISSED without prejudice** for failure to state a claim upon which relief may be granted under 28 U.S.C. § 1915(e)(2)(B).

The Court will issue a separate Order of Dismissal contemporaneously with this Memorandum and Order.

Dated this 19th day of September, 2025.

                                              AUDREY G. FLEISSIG  
                                              UNITED STATES DISTRICT JUDGE